[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 157.]

DAYTON BAR ASSOCIATION *v.* LONG.

[Cite as *Dayton Bar Assn. v. Long*, 2001-Ohio-281.]

*Attorneys at law—Misconduct—Six-month suspension with entire six months stayed on condition—Neglecting an entrusted legal matter—Failing to carry out contract of employment.*

(No. 00-1866—Submitted November 29, 2000—Decided March 14, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-01.

———————————

*Per Curiam.*

{¶ 1} On January 5, 2000, relator, Dayton Bar Association, filed a complaint charging respondent, Michael J. Long of Dayton, Ohio, Attorney Registration No. 0039554, with violating DR 6-101(A)(3) (neglecting an entrusted legal matter) and 7-101(A)(2) (failing to carry out a contract of employment). Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that in November 1995, Anita Miles-Coulcough paid a $500 retainer to respondent to release a garnishment against her bank account, to vacate a default judgment on which the garnishment was based, to explore the possibility of an action for wrongful garnishment, and to prepare a will for her.

{¶ 3} Respondent filed a motion to vacate the default judgment but did not appear at a hearing on the garnishment although informed by Miles-Coulcough of the hearing date. Miles-Coulcough appeared without counsel and convinced the court that the garnishment was improper because it was levied on exempt retirement funds, a fact that Miles-Coulcough and respondent had discussed at the time of engagement.

{¶ 4} Respondent then wrote to the creditor's counsel, sending him documentation regarding the exempt character of the property. Creditor's counsel requested additional information, but before respondent obtained that information from Miles-Coulcough, the creditor attempted a second garnishment in February 1996. Miles-Coulcough called respondent during a hearing on the second garnishment and told him that she was waiting in court for him. Respondent, who claims that he did not know of the court date, told Miles-Coulcough to ask for a continuance because he was at a real estate closing and was unable to appear. The garnishment was dismissed.

{¶ 5} Shortly after filing the motion to vacate the default judgment, respondent wrote two letters to the judge requesting that the motion be expedited. However, the court did not set the motion for hearing until October 1999. Respondent appeared at the hearing on the motion to vacate, but Miles-Coulcough did not appear, although respondent had written to her to inform her of the hearing. Without a witness, respondent could not proceed, and the court overruled the motion to vacate without prejudice. Respondent did not prepare a will for Miles-Coulcough. He also did not proceed on an action for wrongful garnishment, believing that it hinged on the success of the motion to vacate.

{¶ 6} The panel concluded that respondent had violated the Disciplinary Rules as charged and found in mitigation that respondent had practiced law for forty years with no prior disciplinary actions and that he offered to return the retainer. The panel recommended that respondent be suspended from the practice of law for six months with the entire six months stayed on condition that respondent return the $500 retainer to Miles-Coulcough. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 7} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for six months, with the entire six months stayed, provided that respondent return the $500 retainer

to his client within one month of the date of this order. Failure to repay the full amount within six months will result in reinstatement of respondent's stayed suspension. Costs are taxed to respondent.

*Judgment accordingly*.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

MOYER, C.J., dissents and would suspend respondent for six months without stay.

_____

*Michael R. Pentecost,* for relator.

*Michael J. Long, pro se.*

_____