DECISION AND JUDGMENT ENTRY
Randy Slider appeals the Washington County Court of Common Pleas' determination that he is a sexual predator. He asserts that the determination is against the manifest weight of the evidence. Because some competent, credible evidence supports the trial court's determination, we disagree. Accordingly, we affirm the decision of the trial court.
 I.
On April 12, 1993, the grand jury indicted Slider on one count each of kidnapping, felonious assault, gross sexual imposition, and unauthorized use of a motor vehicle. The victim explained to law enforcement officers that she met Slider in a bar on March 12, 1993. After midnight, the victim traveled with Slider to another bar. At approximately 3:00 a.m., the victim attempted to give Slider a ride home. Slider directed the victim to a rural area of Washington County where they stopped on a gravel road leading to a barn. The victim reported that Slider then made sexual advances, including grabbing her breast and crotch areas. When the victim repelled the advances, Slider struck her several times in the face. The victim fled the car, but Slider chased her and forced her back into the car. He again struck her several times in the face, causing severe bruises and breaking her jaw and nose. The victim escaped when Slider passed out in her car. She walked thirty minutes through a snowstorm in the early morning hours before finding help. Slider left the area in the victim's car. Slider's confession corroborated the victim's account of the crimes.
On July 13, 1993, Slider pleaded guilty to felonious assault and gross sexual imposition in exchange for the state dismissing the charges of kidnapping and unauthorized use of a motor vehicle. The court found Slider guilty and ordered a pre-sentence investigation. The court sentenced Slider to eight to fifteen years incarceration on the felonious assault conviction, and three to five years on the gross sexual imposition conviction. The court ordered Slider to serve the two sentences consecutively.
Slider appealed and this court affirmed his conviction. State v.Slider (May 20, 1994), Washington App. No. 93 CA26, unreported.
In May 2000, the trial court held a sexual offender classification hearing. The state did not present new evidence. Instead, it relied upon the information in the court file and the pre-sentence investigation report ("PSIR"). The PSIR indicated that Slider admitted that he raped a girl in 1989 even though he was acquitted of the criminal charges. He also stated that it scares him to think about what he is capable of doing. Slider admitted that when he drinks alcohol, he does things he knows are wrong and cannot stop himself. The PSIR also indicated that Slider received treatment for his substance abuse numerous times, both before and after the 1989 incident. Slider's criminal record, as contained in the PSIR, indicated that he was convicted eight times for driving under the influence and over fifteen times for driving without a license or driving with a suspended license.
Slider waived his right to be present at the hearing. His counsel presented certificates that Slider received for completing training in assertiveness, stress management, self esteem, group dynamics, sex education, boiler maintenance and boiler repair. His counsel also presented certificates that Slider received for completing Polaris, a sex-offender program, for completing two substance abuse programs, and for attending two religious workshops.
The trial court classified Slider as a sexual predator. The trial court found that the following factors indicate that Slider is likely to engage in the future in one or more sexually oriented offenses:
 1) [Slider's] prior criminal record, including a rape under similar circumstances. The Court notes that the Defendant was acquitted by a jury of this charge. However, the Defendant admitted to the commission of that rape in the course of the pre-sentence investigation * * *[;] 2) The Defendant's prior history of re-offending, in spite of numerous criminal sanctions[;] 3) The Defendant's `use' of alcohol to impair the victim, in that he would attempt to force sexual relations upon women with whom he had been drinking; 4) The nature of the sexual conduct involved in the offenses for which the Defendant was convicted. The Court notes the extreme violence of the assault exhibited cruelty. The victim suffered a broken jaw and a broken nose during the assault and Defendant forced her back to the scene on one occasion after she had escaped. The Court concurs in the State's argument that but for this victim's strength and determination, the crime would have been far worse; 5) The evidence regarding a mental disability and the other behavioral characteristics which the Court has considered relevant show that the Defendant has a severe alcohol problem, but no other mental disability.
The trial court also considered Slider's statements that he knew his actions were wrong, but could not stop himself. The trial court acknowledged that Slider had completed various treatment programs in prison.
Slider filed a motion to file a delayed appeal, which we granted. He now asserts the following assignment of error:
The finding by the trial court that appellant is a sexual predator is against the manifest weight of the evidence.
 II.
In his only assignment of error, Slider asserts that the trial court erred in determining that he is a sexual predator. In so doing, Slider asserts that the trial court should not have considered the 1989 rape charge for which he was acquitted.
A sexual predator is defined as a person who has been convicted of or has pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.01(E); State v. Eppinger (2001), 91 Ohio St.3d 157, 163. Sexual offender classification proceedings under R.C. 2950.09 are civil in nature and require the prosecution to prove by clear and convincing evidence that an offender is a sexual predator. R.C. 2950.09(B);Eppinger; State v. Cook (1998), 83 Ohio St.3d 404, 408. We will not reverse a trial court's determination that an offender is a sexual predator if some competent, credible evidence supports it. State v.Morris (July 18, 2000), Washington App. No. 99CA47, unreported; State v.Daugherty (Nov. 12, 1999), Washington App. No. 99CA09, unreported; Statev. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported. This deferential standard of review applies even though the state must prove the offender is a sexual predator by clear and convincing evidence.Meade; see, also, State v. Hannold (June 28, 1999), Washington App. No. 98CA40, unreported.
In order to determine if the offender is likely to engage in future sexually oriented offenses, the trial court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). These factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
While the statute does not require a trial court to make explicit findings regarding relevant factors, see Hannold, supra; State v. Smith
(July 20, 1998), Hocking App. No. 97CA10, unreported, the Supreme Court has recently set forth its criteria for a model sexual offender classification hearing. Eppinger at 166, citing State v. Thompson (Apr. 1, 1999), Cuyahoga App. No. 73492, unreported.[1] These criteria include the trial court considering all statutory factors and discussing on the record "the particular evidence and factors upon which it relies in making its determination * * *." Id. Furthermore, a trier of fact may look at past behavior in determining future propensity because past behavior is often an important indicator for future propensity. State v.Hardie (Jan. 4, 2001), Washington App. No 00CA14, unreported; State v.Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported, citingKansas v. Hendricks (1997), 521 U.S. 346 and Heller v. Doe (1993),509 U.S. 312, affirmed (1998), 84 Ohio St.3d 9. For that very reason a court may designate a first time offender as a sexual predator. See,e.g., Meade; State v. Watts (May 29, 1998), Montgomery App. No. 16738, unreported.
A court is under no obligation to "tally up" the R.C. 2950.09(B)(2) factors in any particular fashion. State v. Clutter (Jan. 28, 2000), Washington App. No. 99CA19, unreported; State v. Mollohan (Aug. 19, 1999), Washington App. No. 98CA13, unreported. A court may classify an offender as a "sexual predator" even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense. Id. A court may properly designate an offender as a sexual predator even in the absence of expert testimony from the state. State v. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported.
Slider concedes that he has been convicted of a sexually oriented offense. Therefore he meets the first prong of the definition of a sexual predator. R.C. 2950.01(E).
We note that Slider failed to argue to the trial court that it could not consider his admission to the 1989 rape because he was acquitted on that charge and failed to object when it became clear at the hearing that the trial court was considering the 1989 rape. Because Slider did not make this argument to the trial court, he has waived the argument. StoresRealty v. Cleveland (1975), 41 Ohio St.2d 41, 43; Lippy v. Society Natl.Bank (1993), 88 Ohio App.3d Furthermore, the failure to promptly object
and call any error to the attention of the trial court, at a time when it could have been prevented or corrected, amounts to a waiver of such error. State v. Lott (1990), 51 Ohio St.3d 160, 174, citing State v.Gordon (1971), 28 Ohio St.2d 45, at paragraph two of the syllabus.
Assuming arguendo that Slider preserved this issue for appeal, we find no merit to his argument. R.C. 2950.09(B)(2) required the trial court to consider "all relevant factors." Past behavior is often an important indicator for future propensity. Kansas v. Hendricks, supra; Heller v.Doe, supra. While Slider is correct that R.C. 2950.09(B)(2)(f) requires a trier of fact to consider previous convictions, the statute does not direct a court to ignore acts for which the offender was not convicted or acts to which the offender admitted. The fact that Slider admitted to the 1989 rape after a jury acquitted him is certainly relevant.
We next determine whether the trial court's classification of Slider as a sexual predator is against the manifest weight of the evidence. Slider argues that the trial court failed to give enough weight to the numerous rehabilitation programs that he has completed while incarcerated, incorrectly found that he used alcohol to impair his victims, and punished him for what could have happened rather than what did happen.
After a thorough review of the record, we find some competent, credible evidence to support the trial court's finding that Slider is likely to engage in the future in one or more sexually oriented offenses even if the trial court erroneously found that Slider used alcohol to impair his victim. We decline Slider's invitation to reweigh the R.C. 2950.09(B)(2) factors. See State v. Dunn (June 17, 1998) Pickaway App. No. 97CA26, unreported (when reviewing a trial court's sexual predator classification, a reviewing court should not re-weigh the evidence; rather, the reviewing court should affirm the judgment if some competent, credible evidence supports it). Slider admitted to raping a woman in 1989 while he was drunk. He completed several substance abuse programs before luring a woman to an isolated area where he assaulted her and made sexual advances. After the woman escaped, he forced her back into a car, where he assaulted her again. He ceased assaulting her shortly before he passed out. Slider's offense was cruel. The victim suffered from severe bruising, a broken nose and a broken jaw. Slider admitted that he knew his actions were wrong, but could not stop.
Thus, we find that the trial court's classification of Slider as a sexual predator is not against the manifest weight of the evidence. Accordingly, we overrule Slider's only assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
 _____________________ Roger L. Kline, Judge
Abele, P.J. and Evans, J. concur in judgment and opinion.
[1] First, a record must be created for review. Eppinger at 166. Second, an expert may be required and the trial court should engage in the analysis as set forth in Eppinger if the defense request a court-appointed expert. Id. Third, a the trial court "should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination" regarding the factors.