DECISION AND JUDGMENT ENTRY
Joseph Askew appeals the Scioto County Court of Common Pleas' determination that he is a sexual predator. He asserts that the determination is against the manifest weight of the evidence. Because some competent, credible evidence supports the trial court's determination, we disagree. Accordingly, we affirm the decision of the trial court.
 I.
On March 9, 2000, the grand jury indicted Askew on one count of gross sexual imposition with a sexually violent predator specification. In August 2000, Askew withdrew his not guilty plea and pled guilty to gross sexual imposition in exchange for the state dropping the sexually violent predator specification.
At the sex offender classification hearing, the state presented the testimony of two individuals. Scioto County Sheriff's Detective Darrell Keller testified that he investigated this case. When he first spoke with Askew, Askew stated that he was babysitting the victim when she walked into the bathroom while he was urinating. He made her leave the bathroom. Askew later told Keller that the child walked into the bathroom while he was masturbating. Because the victim wanted to take a bath, she was undressed. As she reached into the bathtub to get her toys, he ejaculated on her back. Askew demonstrated to Keller that his penis was about two inches from the child. Askew claimed that he never touched the child's buttocks.
The state also presented the testimony of Janice Oliver, a social worker and mental health therapist in Portsmouth. Oliver spoke with the victim and completed a diagnostic assessment on June 29, 2000. The victim told Oliver that she hated Askew and that "he stuck his worm in my hole." According to Oliver, the victim was five and a half at the time of the assessment.
At this point in the hearing the state attempted to call another witness, but did not. Apparently, the parties discussed whether this witness would be permitted to testify, but the discussion and the trial court's ruling was not transcribed.[1]
After the state rested its case, Askew presented the testimony of his father. He testified that Askew had a substance abuse problem and claimed that this incident was the result of Askew's drug abuse.
The trial court then asked Askew several questions. Askew admitted that he had a prior conviction of obstructing justice and violated his probation on that offense.
When asked for statements, the state asked the trial court to consider that the victim was four years old at the time of the offense.
In announcing its decision, the trial court expressed concern that the victim contracted a sexually transmitted disease as a result of the offense.[2]
The trial court sentenced Askew to four years imprisonment and found him to be a sexual predator. Askew appeals and asserts the following assignment of error:
 The trial court record contains insufficient evidence, as a matter of law, to prove by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses.
 II.
In his only assignment of error, Askew asserts that the trial court erred in determining that he is a "sexual violent predator." We begin by noting that although Askew was indicted for gross sexual imposition with a sexually violent predator specification, the trial court found Askew to be a sexual predator pursuant to R.C. Chapter 2950 and not a sexuallyviolent predator, as defined by R.C. 2971.01(H). Therefore, we reject Askew's arguments concerning the trial court's compliance with R.C. Chapter 2971. In the interests of justice, we construe Askew's only assignment of error as arguing that the trial court's sexual predator determination is against the manifest weight of the evidence.
A sexual predator is defined as a person who has been convicted of or has pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.01(E); State v. Eppinger (2001), 91 Ohio St.3d 157, 163. Sexual offender classification proceedings under R.C. 2950.09 are civil in nature and require the prosecution to prove by clear and convincing evidence that an offender is a sexual predator. R.C. 2950.09(B);Eppinger; State v. Cook (1998), 83 Ohio St.3d 404, 408. We will not reverse a trial court's determination that an offender is a sexual predator if some competent, credible evidence supports it. State v.Morris (July 18, 2000), Washington App. No. 99CA47, unreported; State v.Daugherty (Nov. 12, 1999), Washington App. No. 99CA09, unreported; Statev. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported. This deferential standard of review applies even though the state must prove the offender is a sexual predator by clear and convincing evidence.Meade; see, also, State v. Hannold (June 28, 1999), Washington App. No. 98CA40, unreported.
In order to determine if the offender is likely to engage in future sexually oriented offenses, the trial court must consider all relevant factors, including, but not limited to, those listed in R.C. 2950.09(B)(2). Those factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The statute does not require a trial court to make explicit findings regarding relevant factors, see Hannold, supra; State v. Smith (July 20, 1998), Hocking App. No. 97CA10, unreported. However, in a model sexual offender classification hearing, the trial court would consider all statutory factors and discuss on the record "the particular evidence and factors upon which it relies in making its determination * * *."Eppinger at 166, citing State v. Thompson (Apr. 1, 1999), Cuyahoga App. No. 73492, unreported.
A trier of fact may look at past behavior in determining future propensity because past behavior is often an important indicator for future propensity. State v. Hardie (Jan. 4, 2001), Washington App. No 00CA14, unreported; State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported, citing Kansas v. Hendricks (1997), 521 U.S. 346
and Heller v. Doe (1993), 509 U.S. 312, affirmed (1998), 84 Ohio St.3d 9. See, also State v. Slider (May 23, 2001) Washington App. No. 00CA22, unreported (trial court did not err in considering the offender's admission to a rape for which he had been acquitted in a criminal trial because R.C. 2950.09 requires trial court to consider "all relevant factors" in determining whether an offender is likely to reoffend). For that very reason a court may designate a first time offender as a sexual predator. See, e.g., Meade; State v. Watts (May 29, 1998), Montgomery App. No. 16738, unreported.
A court is under no obligation to "tally up" the R.C. 2950.09(B)(2) factors in any particular fashion. State v. Clutter (Jan. 28, 2000), Washington App. No. 99CA19, unreported; State v. Mollohan (Aug. 19, 1999), Washington App. No. 98CA13, unreported. A court may classify an offender as a "sexual predator" even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense. Id. A court may properly designate an offender as a sexual predator even in the absence of expert testimony from the state. State v. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported.
Askew pled guilty to gross sexual imposition, a violation of R.C.2907.05(A)(4). A violation of R.C. 2907.05 is a sexually oriented offense. R.C. 2950.01(D)(1). Because, Askew pled guilty to a sexually oriented offense, he meets the first prong of the definition of a sexual predator. R.C. 2950.01(E).
While the hearing conducted in this case was not a "model hearing[3]," some competent, credible evidence supports the trial court's finding that Askew is likely to engage in the future in one or more sexually oriented offenses.[4] Askew victimized a four year old child over which he had a special authority, i.e., he was babysitting. Askew violated the terms of his probation that he received for a prior criminal conviction.
Thus, we find that the trial court's classification of Askew as a sexual predator is not against the manifest weight of the evidence. Accordingly, we overrule Askew's only assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 Abele, P.J.: Concurs in Judgment and Opinion. Harsha, J.: Dissents with Attached Dissenting Opinion. ______________________ Roger L. Kline, Judge
[1] Apparently, the testimony was evidence of other sex abuse by Askew. The state asks us to review the trial court's decision preventing this testimony. Because we find that the trial court's judgment is not against the manifest weight of the evidence, we do not address the state's argument.
[2] There is no basis in the record for this information. We attempted to have the presentence investigation report transmitted to this court, without success. A report completed by the Adult Parole Authority after
the trial court sentenced Askew was forwarded to this court. App.R. 9(A) limits our consideration to "original papers and exhibits thereto filed in the trial court." Consequently we cannot consider the report because it was not filed in the trial court. See State v. Callihan (1992),80 Ohio App.3d 184, 197. Because neither party has contested that the victim may have contracted a sexual disease as a result of this offense, we accept its validity.
For this very reason, "it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on
the record those portions of the trial transcript, victim impact statement, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the [R.C.2950.09(B)(2) factors] and are probative of whether the offender is likely to engage in the future in one or more sexually oriented offenses." State v. Eppinger (2001) 91 Ohio St.3d 158, 166.
[3] In all fairness to the trial court, we note that the Ohio Supreme Court set forth the "model hearing" standards in State v. Eppinger,supra, well after the hearing in this case.
[4] Given the procedural irregularities surrounding the trial court's statement regarding the sexually transmitted disease, we do not rely upon it.