The STATE of Ohio, Appellee,

v.

CHILDS, Appellant.

[Cite as *State v. Childs* (2001), 142 Ohio App.3d 389.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78076.

Decided April 30, 2001.

390

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Renee L. Snow,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, and *Carlos Warner,* Assistant Public Defender, for appellant.

---

O'DONNELL, Judge.

William Childs appeals from a judgment of the common pleas court classifying him as a "sexual predator." On appeal, Childs urges that his conviction for felonious assault did not constitute a sexually oriented offense and, therefore, R.C. 2950.09(C) does not apply. Childs further claims that the state failed to present clear and convincing evidence he "is likely to engage in the future in one or more sexually oriented offenses" and also challenges the constitutionality of Ohio's sexual predator law. Upon review of the record and applicable law, we reject Childs's arguments and affirm the judgment of the trial court.

The record before us reveals that, on April 17, 1985, the grand jury indicted Childs for kidnapping, rape, felonious assault, and robbery, with each charge carrying an aggravated felony specification of a 1975 attempted rape conviction. The jury returned a verdict finding Childs guilty of felonious assault, but not guilty of kidnapping, rape, and robbery. Thereafter, the court sentenced Childs to a prison term of twelve to fifteen years. We affirmed his conviction in *State v. Childs* (Nov. 20, 1986), Cuyahoga App. No. 51270, unreported, 1986 WL 13337.

On January 14, 2000, the state filed a motion requesting the court to classify Childs as a sexual predator. On February 15, 2000, the defense filed a motion to dismiss the state's request, raising various constitutional challenges to Ohio's sexual predator law. That same day, the trial court commenced a sexual predator determination hearing. The defense filed a second motion to dismiss on February 17, 2000, and the hearing continued on March 8, 2000. The court concluded the hearing the following day and, on March 10, 2000, the court determined Childs to be a sexual predator. Childs now appeals, and presents five assignments of error for our consideration. The first states:

"I. The trial court erred when it did not require that the state provide proof that the appellant's conviction was committed with the purpose to gratify the sexual needs of the appellant."

Childs urges that his conviction for felonious assault under R.C. 2903.11 does not constitute a sexually oriented offense. Childs also claims that the state failed to prove by clear and convincing evidence that he assaulted his victim with a purpose to gratify his sexual needs or desires. The state asserts that the court

properly considered the victim's statement and prior testimony, notwithstanding the fact that the jury acquitted Childs of rape.

■ R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Childs maintains that the state failed to prove that he had been convicted of a sexually oriented offense. R.C. 2950.01(D)(3) defines "sexually oriented offense" to include felonious assault if committed for sexual gratification, stating:

"(D) 'Sexually oriented offense' means any of the following offenses:

"* * *

"(3) Regardless of the age of the victim of the offense, a violation of section 2903.01, 2903.02, *2903.11*, or 2905.01 of the Revised Code, or of division (A) of section 2903.04 of the Revised Code, that is committed with a purpose to gratify the sexual needs or desires of the offender." (Emphasis added.)

"Whether or not an assault is classified as one which was committed with a purpose to gratify the sexual desires of the offender is a question of fact which rests upon the unique facts and circumstances of each offense." *State v. Slade* (Dec. 28, 1999), Franklin App. No. 98AP–1618, unreported, 1999 WL 1262051. In *State v. Anderson* (1999), 135 Ohio App.3d 759, 735 N.E.2d 909, the Third Appellate District held that the trial court properly considered the victim's trial testimony during a sexual predator hearing. The court noted that "[t]he relevant standard in sexual offender classification proceedings is not reasonable doubt, but the lesser standard of clear and convincing evidence." *Id.* at 764, 735 N.E.2d at 912. The court then stated at 764–765, 735 N.E.2d at 912:

" 'An acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof.' *Dowling v. United States* (1990), 493 U.S. 342, 349, 110 S.Ct. 668, 672, 107 L.Ed.2d 708, 718, quoted in *United States v. Watts* (1997) 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554.

"* * * Based on the foregoing, the trial court properly considered the victim's testimony on the three counts upon which the defendant was acquitted in determining whether the state had demonstrated the defendant's sexual predator status by clear and convincing evidence."

At the sexual predator hearing conducted in this case, the court received into evidence several exhibits, including the victim's statement and the transcript of her testimony at the preliminary hearing. This evidence indicates that Childs assaulted his victim to gratify his sexual needs and desires.

Based upon the foregoing, the state proved that Childs had been convicted of a sexually oriented offense. Accordingly, we overrule this assignment of error.

"II. The trial court erred when it conducted a hearing pursuant to R.C. 2950.09(C) where the offense that underlied [*sic*] the appellant's conviction was not 'sexually oriented.' "

In his second assignment of error, Childs urges that the trial court erred in conducting a sexual predator hearing because, at the time of his hearing, he · was serving a prison term for felonious assault, which he maintains is not a sexually oriented offense. The state, however, asserts that the instant felonious assault conviction constitutes a sexually oriented offense, as does Childs's 1975 attempted rape conviction.

R.C. 2950.09(C)(1) states:

*"If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997,* if the person was not sentenced for the offense on or after January 1, 1997, *and if on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution,* prior to the offender's release from the term of imprisonment,the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator." (Emphasis added.)

Ohio courts have consistently declined to construe R.C. 2950.09(C)(1) to require that "on or after January 1, 1997, the offender is serving a term of imprisonment" for a sexually oriented offense. See, *e.g., State v. Wilson* (Oct. 26, 2000), Cuyahoga App. No. 77530, unreported, 2000 WL 1594577, citing *State v. Benson* (Aug. 28, 2000), Butler App. No. CA–99–11–194, unreported, 2000 WL 1221851 ("in no way do they [R.C. 2950.09(C)(1)] impose a more restrictive condition that the term of imprisonment be for a sexually-oriented offense"); *State v. Michaels* (Dec. 8, 1999), Summit App. No. 18862, unreported, 1999 WL 1215124 ("The statute does not restrict the 'term of imprisonment' to one being served for a sexual offense").

In *Wilson,* we cited with approval *State v. Berry* (Dec. 13, 1999), Carroll App. No. 716, unreported, 1999 WL 1243322, wherein the court stated:

"A review of R.C. 2950.09(C)(1) unequivocally reveals that all which is required prior to a sexual predator determination hearing is that 'the offender is serving a term of imprisonment.' Absolutely no reference is made that the imprisonment must arise as a result of a sexually oriented offense conviction. Had the legislature intended such a requirement it easily could have inserted such language in the statute. Due to the very fact that this type of restriction has not been included in the statute, this court is precluded from reading such into the statute as the statute is clear and unambiguous on its face."

The record before us demonstrates that Childs had been convicted of a sexually oriented offense prior to January 1, 1997, attempted rape in 1975, and also that he was serving a prison term after that date for his felonious assault conviction. Accordingly, this assignment of error is not well taken, and it is overruled.

"III.  The evidence is insufficient, as a matter of law, to prove 'by clear and convincing evidence' that appellant 'is likely to engage in the future in one or more sexually oriented offenses.' "

■  In his third assignment of error, Childs claims that the state failed to present sufficient evidence that he is likely to engage in the future in one or more sexually oriented offenses.  Childs notes that, pursuant to R.C. 2950.09(B)(3), the state must prove this by clear and convincing evidence.

Under R.C. 2950.09(B)(2), a trial court should consider the following factors when making a sexual predator determination:

"(a) The offender's age;

"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender;

"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

"(j) Any additional behavioral characteristics that contribute to the offender's conduct."

■ "After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3). An appellate court will review this determination under a manifest weight standard. See *State v. Perry* (Nov. 16, 2000), Cuyahoga App. No. 77724, unreported, 2000 WL 1714922, citing *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.

Recently, in *State v. Eppinger* (2001), 91 Ohio St.3d 158, 166, 743 N.E.2d 881, 888–889, the court adopted the following model procedure for sexual offender classification hearings:

"In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. If the conviction is old, as in this case, the state may need to introduce a portion of the actual trial record; if the case was recently tried, the same trial court may not need to actually review the record. In either case, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.

"Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. While providing an expert at state expense is within the discretion of the trial court, the lack of other criteria to assist in predicting the future behavior of the offender weighs heavily in favor of granting such a request.

"Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. See *State v. Thompson* [(1999), 140 Ohio App.3d 638, 748 N.E.2d 1144]. See, also, *State v. Russell* (Apr. 8, 1999), Cuyahoga App. No. 73237, unreported, 1999 WL 195657; *State v. Casper* (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063, unreported, 1999 WL 380437."

During Childs's sexual predator hearing, the state presented the victim's testimony at the preliminary hearing in case No. CR–198780, her statements to the police, and a BCI sheet containing a listing of Childs's lengthy criminal

record. The state also presented certified copies of his prior convictions, viz., a 1971 conviction for aggravated assault in case No. CR–96545, a 1972 conviction for carrying a concealed weapon in case No. CR–1394, and the 1975 conviction for attempted rape in case No. CR–16789.

The court then read portions of Childs's criminal history into the record, which included several arrests from 1967 to 1985, including arrests for rape, oral sodomy, attempted rape and other sexually oriented offenses. Although not all of these arrests resulted in convictions, we believe that they relate to pertinent aspects of Childs's criminal and social history and are probative of whether he is likely to engage in future sexually oriented offenses.

The court also considered information contained in the file relating to the factors to be evaluated pursuant to R.C. 2950.09(B)(1), including Childs's age of fifty-five at the time of the hearing; his criminal record including both sexually and nonsexually oriented offenses; the age of the victim of the 1985 felonious assault, who was twenty-one years old on the date of the offense; and the violent and cruel nature of his conduct, which resulted in hospitalization for the victim.

The record presented to this court, though scant, contains sufficient evidentiary materials to support the trial court's determination in this case. Accordingly, we overrule this assignment of error.

"IV. Ohio's sexual predator statute violates the concepts of separation of powers because it forces a trial court to investigate, prosecute and adjudicate individuals as sexual predators.

"V. The adjudication provisions violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I of the Ohio Constitution, because Ohio's classification scheme is systematically flawed."

In the fourth and fifth assignments of error, Childs raises two constitutional challenges to Ohio's sexual predator legislation. We have overruled identical assignments of error. See, *e.g.*, *State v. Wilson* (Oct. 26, 2000), Cuyahoga App. No. 77530, unreported, 2000 WL 1594577; *State v. Moore* (Aug. 17, 2000), Cuyahoga App. No. 76830, unreported, 2000 WL 1176870; *State v. Gross* (Aug. 17, 2000), Cuyahoga App. No. 76836, unreported, 2000 WL 1177496. Accordingly, we summarily overrule these arguments.

*Judgment affirmed.*

MICHAEL J. CORRIGAN, P.J., and DYKE, J., concur.