Although I concur with the result reached by the majority opinion, I write separately because I believe the majority opinion is incorrect in its analysis of appellant's third assignment of error. The Ohio Supreme Court has stated the trial court is to engage in a weighing process when considering any factors it finds relevant to a sexual predator determination. A review of the trial court's decision, therefore, cannot depend upon the "sufficiency" of the evidence presented. Thus, neither a civil nor a criminal standard of "sufficiency" is applicable and de novo
review of the evidence is inappropriate.
 The foregoing is not a statement intended to be broadly interpreted. Since sexual predator hearings have been held to be "similar to sentencing or probation hearings," the rules of evidence are not strictly applicable, and all that is required is for an appellate court to determine from the record whether "the defendant had a fair hearing," was "ably represented by competent counsel," and whether the trial court "considered the criteria under R.C. 2950.09(B)(2), and fairly evaluated" the evidence it reviewed in reaching its decision. State v. Cook
(1998), 83 Ohio St.3d 404 at 426.
The majority opinion correctly observes this court is guided by precedent as enunciated by the Ohio Supreme Court. The majority opinion, however, disagrees with a previous statement made by this court in Statev. Childs (2001), 142 Ohio App.3d 389 at 395 that "[a]n appellate court will review [a sexual predator] determination under a manifest weight standard." See also, State v. Hills (Feb. 2, 2002), Cuyahoga App. No. 78546, unreported.
Nevertheless, Childs correctly enunciated the appropriate analysis based upon Ohio Supreme Court directives. In making a determination pursuant to R.C. 2950.09(B), the trial court considers not whether the evidence presented correlates with certain elements of either a civil claim or a statutory offense, but rather whether the evidence relates to certain factors. The listed factors, moreover, are not exclusive; the trial court may add ones it finds to be appropriate to the decision-making process. This causes the standard of appellate review to be limited, rather than one analogous to determining whether judgment is deserved as a matter of law.
Thus, in reviewing a trial court's sexual predator determination, the supreme court initially stated the following in State v. Cook, supra:
 Although the trial judge did not state that his findings were to a "clear and convincing standard," we presume that the judge followed the law. State v. Martin (1955), 164 Ohio St. 54, 59, 57 O.O. 84, 87, 128 N.E.2d 7, 12. The statute does not require the court to list the criteria, but only to "consider all relevant factors, including" the criteria in R.C. 2950.09(B)(2) in making his or her findings. We find here, from the evidence in the record, that the judge did so.
 "Sexual predator" is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Defendant's conviction of gross sexual imposition constitutes a conviction of a sexually oriented offense. R.C. 2950.01(D)(1). As for the likelihood that defendant would engage in the future in one or more sexually oriented offenses, the trial court had in its possession information regarding the 1995 incident involving sexual contact with a girl in Florida, as well as the 1996 disorderly conduct conviction based on sexual contact with a six- and an eight-year old. This court finds no plain error on these facts. Therefore, the determination that defendant is a sexual predator is not against the manifest weight of the evidence.
(Emphasis added.)
If the foregoing were not enough to establish the relevant analytical framework for appellate review, the supreme court more recently has stated in State v. Thompson (2001), 92 Ohio St.3d 584, syllabus 1 as follows:
 A judge must consider the guidelines set out in R.C. 2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline. Pursuant to R.C. 2950.09(B)(2), a judge may also consider any other evidence that he or she deems relevant to determining the likelihood of recidivism.
(Emphasis added.)
Pursuant to Rep R 1(B), the syllabus of an Ohio Supreme Court opinion "states the controlling point or points of law."
The Thompson court explained at pages 587-588 the statutory guidelines found in R.C. 2950.09(B)(2) "provide consistency in the [trial judges'] reasoning process," but "do not control a judge's discretion." The statutory language, therefore, requires the trial court to consider the listed factors "but does not direct the court on what weight, if any, it must assign to each factor. * * * Thus, R.C. 2950.09(B)(2) does not divest a court of its fact-finding powers in assessing the relevancy of each factor." (Emphasis added.)
Essentially, Thompson reminds appellate courts that they are to be guided in their review of sexual predator determinations by the maxim that the weight of the evidence presented at the hearing is a matter primarily for the trier of fact, i.e., the trial judge. State v. DeHass
(1967), 10 Ohio St.2d 230, syllabus 1. The supreme court has not set forth a standard, as the majority opinion intimates, for de novo review of sexual predator determinations. Whether the record contains either "proof beyond a reasonable doubt" or evidence necessary to deny a "motion for a directed verdict" is not the issue before the trial court, and, therefore, cannot be considered by this court.
The majority opinion clearly ignores the supreme court's directives in its discussion of appellant's third assignment of error; consequently, it arrives at its conclusion by employing an inappropriate standard of review. Accordingly, I agree only with the result it reaches in overruling appellant's third assignment of error.