JOURNAL ENTRY AND OPINION
Ira Tillery appeals from a civil judgment of the common pleas court classifying him as a "sexual predator." On appeal, Tillery contends that the state failed to present clear and convincing evidence that he "is likely to engage in the future in one or more sexually oriented offenses," and he also challenges the constitutionality of Ohio's sexual predator law. After careful review of the record, we affirm the judgment of the trial court classifying Tillery as a sexual predator.
The record before us reveals that, on August 10, 1990, the grand jury indicted Tillery for rape and kidnapping with aggravated felony specifications. In accordance with a plea agreement, he pled guilty to rape with the aggravated felony specification deleted, and the state nolled the kidnapping charge. Thereafter, the court sentenced him to a term of five to twenty-five years.
On December 20, 2000, the court conducted a sexual predator determination hearing in this case, and on December 29, 2000, the court classified Tillery as a sexual predator.
Tillery now appeals and presents five assignments of error for our review. We will consider the first and fifth assignments of error together because they contain common issues of law and fact. They state:
 I. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 V. AS DISCUSSED BY THE TENTH DISTRICT COURT OF APPEALS IN STATE V. BURKE, THE TRIAL COURT ERRED IN DETERMINING THAT THE APPELLANT WAS A SEXUAL PREDATOR WITHOUT CONSIDERING ANY OF THE RELEVANT FACTORS CODIFIED AT R.C. 2950.09(B)(2).
Tillery claims that the state failed to present sufficient evidence that he "is likely to engage in the future in one or more sexually oriented offenses." He points out that, pursuant to R.C. 2950.09(B)(3), the state must prove this by clear and convincing evidence. He further notes that, under R.C. 2950.09(B)(2), a trial court should consider the following factors when making a sexual predator determination:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
"After reviewing all testimony and evidence presented at the sexual predator hearing and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(C)(2)(b). An appellate court will review this civil determination under a manifest weight standard. See State v. Cook (1998), 83 Ohio St.3d 404, 426,700 N.E.2d 570.
In Cook, at pages 425-426, the court concluded:
 We find that while this may not have been a model classification hearing, it was not so prejudicial so as to require a remand. When asked by defense counsel the basis for finding defendant a sexual predator, the court referred to the following: (1) the factors listed in the statute; (2) the defendant's prior sexually oriented offenses; (3) defendant's criminal conduct; and (4) defendant's past criminal record.
* * *
 Our review of the record persuades us that the defendant had a fair hearing, that he was ably represented by competent counsel, and that the court considered the criteria under R.C. 2950.09(B)(2), and fairly evaluated the defendant and his counsel's responses. Although the trial judge did not state that his findings were to a "clear and convincing standard," we presume that the judge followed the law. State v. Martin (1955), 164 Ohio St. 54, 59, 57 Ohio Op. 84, 87, 128 N.E.2d 7, 12. The statute does not require the court to list the criteria, but only to "consider all relevant factors, including" the criteria in R.C. 2950.09(B)(2) in making his or her findings. We find here, from the evidence in the record, that the judge did so.
 "Sexual predator" is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Defendant's conviction of gross sexual imposition constitutes a conviction of a sexually oriented offense. R.C. 2950.01(D)(1). As for the likelihood that defendant would engage in the future in one or more sexually oriented offenses, the trial court had in its possession information regarding the 1995 incident involving sexual contact with a girl in Florida, as well as the 1996 disorderly conduct conviction based on sexual contact with a six- and an eight-year-old. This court finds no plain error on these facts. Therefore, the determination that defendant is a sexual predator is not against the manifest weight of the evidence. (Emphasis added.)
Recently, in State v. Eppinger (2001), 91 Ohio St.3d 157, 158,743 N.E.2d 881, the court adopted the following model procedure for sexual offender classification hearings:
 In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. If the conviction is old, as in this case, the state may need to introduce a portion of the actual trial record; if the case was recently tried, the same trial court may not need to actually review the record. In either case, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
 Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. While providing an expert at state expense is within the discretion of the trial court, the lack of other criteria to assist in predicting the future behavior of the offender weighs heavily in favor of granting such a request.
 Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. See State v. Thompson, supra. See, also, State v. Russell, 1999 Ohio App. LEXIS 1579 (Apr. 8, 1999), Cuyahoga App. No. 73237, unreported, 1999 WL 195657; State v. Casper,
1999 Ohio App. LEXIS 2617 (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063, unreported, 1999 WL 380437.
In the case sub judice, the state emphasized R.C. 2950.09(B)(2)(b) — [t]he offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses — and then presented Tillery's presentence investigation report to the court. This exhibit detailed the underlying sexually oriented offense, during which Tillery forcibly raped his victim and then threatened to kill her if she told anyone.
In addition, the report detailed his criminal and social history as follows: On December 19, 1980, police arrested him for rape, two counts of gross sexual imposition, aggravated burglary, and felonious assault in Case No. CR-161164. On October, 2, 1981, a jury found him guilty of rape, two counts of gross sexual imposition, and assault. The court in that case sentenced Tillery to a term of four to twenty-five years.
The state paroled him on February 8, 1988. Thereafter, on January 20, 1989, the police arrested him again for rape in Case No. 235963. This case resulted in a no bill. Then, on June 25, 1990, the police arrested him in the instant case.
The record reveals several factors listed in R.C. 2950.09(B)(2), including Tillery's age of thirty-one at the time of his latest offense; his prior criminal record; the fact that his underlying conviction involved one victim; his claim that drugs were involved in the incident; the fact that he had previously been convicted in 1981 for rape, gross sexual imposition and assault; the nature of his crimes; and his use of violence and threats during the latest rape. The trial court relied on these factors and considered them, as is evidenced by the judge's statement during the hearing that she made her decision "relying upon all of the evidence presented to me in the arguments and the factors."
Our decision to employ a civil manifest weight standard, rather than a criminal sufficiency test, emanates in part from the Supreme Court of Ohio's decision in Cook, wherein it found that "the determination that defendant is a sexual predator is not against the manifest weight of theevidence." Id., at 426. (Emphasis added.)
Further, a review of case law demonstrates that the majority of appellate districts has applied the civil manifest weight standard set forth in C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, to sexual predator determinations. See, e.g., State v. Wilkerson (2000), 138 Ohio App.3d 861 (First Appellate District); State v. Gerhardt (Aug. 31, 2001), Clark App. No. 00CA0090, unreported (Second Appellate District); State v. Scott (Feb. 15, 2001), Logan App. No. 8-2000-26, unreported (Third Appellate District); State v. Hood (Nov. 14, 2001) Washington App. No. 00CA51, unreported (Fourth Appellate District); State v. Cooper (Oct. 24, 2001), Muskingum App. No. CT2001-0013, unreported (Fifth Appellate District);State v. Parsons (Aug. 17, 2001), Huron App. No. H-00-042, unreported (Sixth Appellate District); State v. Childs (2001), 142 Ohio App.3d 389,395, 755 N.E.2d 958 (Eighth Appellate District).[1]
As the Sixth Appellate District succinctly stated in Parsons:
 Pursuant to R.C. 2950.09(B)(3), the trial court shall determine whether an offender is a sexual predator by "clear and convincing evidence." In State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, the Ohio Supreme Court found that R.C. Chapter 2950 is remedial in nature and not punitive. Accordingly, the civil manifest weight standard of review applies, under which a trial court's determination that a particular offender is a sexual predator will be upheld if the court's judgment is supported by some competent, credible evidence going to all the essential elements of the case. See C.E. Morris Co. v. Foley Constr. (1987), 54 Ohio St.2d 279, 376 N.E.2d 578.
Simply put, the criminal sufficiency standard set forth in State v.Thompkins (1997), 78 Ohio App.3d 380, 678 N.E.2d 541, does not apply to civil proceedings, including sexual predator determination hearings. As our court stated in Siegal v. Magic Carpet Upholstery (Aug. 12, 1999), Cuyahoga App. No. 74645, unreported:
 It is clear from the language of Thompkins that this standard is applicable, without modification, only to the review of criminal cases. Accord Reed, supra. We note that this court has continued to apply the C.E. Morris standard to civil appeals even after the release of the Thompkins decision. See Baughman, supra; Lalak v. Crestmont Construction, Inc. (Jan. 14. 1999), Cuyahoga App. 72567, unreported; Thomas v. Jacobs (Nov. 5, 1998), Cuyahoga App. No. 73292, unreported; et al.
Further, in Lakeshore Properties v. Sharonville (Feb. 16, 2001), Hamilton App. No. C-000321, unreported, the First Appellate District succinctly stated:
 While the Thompkins standard is only applicable to the review of criminal cases, we note that the weight standard set forth in C.E. Morris Co. is much like the standard of review for sufficiency of the evidence set forth in Thompkins. [Footnote omitted.] It appears, therefore, that in civil cases an appellate court is precluded from recognizing any qualitative or quantitative distinctions between the weight of the evidence and sufficiency of the evidence. [Footnote omitted.] While this may be inconsistent with the standard we use in criminal appeals, we are nevertheless constrained by the holding set forth in C.E. Morris Co. (Emphasis added.)
Finally, as quoted above, in Eppinger, supra, the Supreme Court set forth the procedure for a model sexual predator classification hearing. The court, however, did not suggest that the state first proceed with its evidence to try to establish elements of such a classification as is required in a criminal trial, nor did it suggest that a sexual offender could make an oral Crim.R. 29 motion at the close of the presentation of the state's evidence.
Rather, what is described in Eppinger is the presentation of evidence by the state and the sexual offender, and then a determination by the court as to whether the manifest weight of the evidence does or does not constitute a clear and convincing likelihood that the offender will commit another sexual offense.
Based on the foregoing, we have determined that the trial court's decision to classify Tillery as a sexual predator is not against the manifest weight of the evidence. Accordingly, we overrule these assignments of error.
The second, third, and fourth assignments of error state:
 II. THE TRIAL COURT ERRED WHEN IT DECIDED TO CONDUCT THE SEXUAL PREDATOR HEARING AGAINST THE APPELLANT WHERE THE APPELLANT MAY NOT BE RELEASED FROM PRISON FOR AT LEAST FIFTEEN YEARS IN VIOLATION OF THE REVISED CODE AND BOTH THE OHIO AND UNITED STATES CONSTITUTION.
 III. THE TRIAL COURT ERRED WHEN IT REFUSED TO DISMISS THE PROCEEDING BECAUSE AN INDIVIDUAL'S PROTECTABLE LIBERTY INTEREST IN PRIVACY IS ENCUMBERED BY THE SEXUAL PREDATOR LABEL AND THE FACTORS LISTED AT R.C. § 2950.09(B)(2) VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, WHERE THE LEGISLATURE DID NOT PROVIDE GUIDANCE ON HOW THE CLASSIFYING FACTORS SHOULD BE APPLIED.
 IV. R.C. § 2950.09(C) VIOLATES THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE A WRITTEN CHARGE WAS NOT PROVIDED TO THE APPELLANT.
Here, Tillery raises three constitutional challenges to Ohio's sexual predator legislation. "Ohio courts have consistently rejected every conceivable attack on the constitutionality of the sexual predator law." See State v. Wilson (Oct. 26, 2000), Cuyahoga App. No. 77530, unreported, citing State v. Williams (2000), 88 Ohio St.3d 513,728 N.E.2d 342; State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570;State v. Ward (1999), 130 Ohio App.3d 551, 720 N.E.2d 603. This includes the identical assignments of error raised here. See, e.g., State v.Bouyer (Aug. 23, 2001), Cuyahoga App. No. 78547, unreported; State v.Kennedy (July 12, 2001), Cuyahoga App. No. 78600, unreported. Accordingly, we summarily reject these assignments of error and affirm the trial court's determination. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. CONCURS ANNE L. KILBANE, J. DISSENTS (See separate opinion)
[1] The Seventh, Ninth, Eleventh, and Twelfth Appellate Districts have also applied a manifest weight standard of review to sexual predator appeals, although they have applied the criminal manifest weight test. See, e.g., State v. Sims (June 27, 2001), Jefferson App. Nos. 99-JE-43 and 99-JE-57, unreported (Seventh Appellate District); State v. Austin
(Nov. 21, 2001), Summit App. No. 20554, unreported (Ninth Appellate District); State v. Robinson (Nov. 21, 2001), Lake App. No. 99-L-177, unreported (Eleventh Appellate District); State v. Benson (Aug. 28, 2000), Butler App. No. CA99-11-194, unreported.