OPINION
{¶ 1} This appeal arises from the judgment of the Defiance County Common Pleas Court. In this case, the defendant-appellant, Lonnie M. Messer, pled guilty to and was convicted of twelve counts of Sexual Battery, in violation of R.C. 2907.03. Thereafter, pursuant to R.C.2950.03, the trial court found Messer to be a Sexual Predator. It is from this judgment which Messer appeals.
 {¶ 2} Procedural history and facts pertinent to issues raised on appeal are as follows. On November 4, 1994 a thirty-one count indictment was filed against Messer by the Defiance County Grand Jury. Counts one through six of the indictment charged Messer with Sexual Battery, counts seven through twenty-five charged him with Rape, and counts twenty-six through thirty-one charged additional offenses of Sexual Battery.
 {¶ 3} Following arraignment, Messer entered pleas of not guilty and was released on bond. Thereafter, a pre-trial conference and formal and informal discovery proceedings were conducted. The information exchanged by the parties indicated that counts one through fifteen of the indictment related to Messer's stepson and alleged sexual offenses occurring both prior to, and after, the child had reached the age of thirteen. Counts sixteen through thirty-one of the indictment related to the Messer's stepdaughter and also alleged sexual offenses occurring both prior and subsequent to the child turning thirteen years of age.
 {¶ 4} Pursuant to a negotiated plea agreement, Messer pled guilty to counts one through six and counts twenty-six through thirty-one of the indictment. In all, Messer pled guilty to twelve third-degree felony counts of Sexual Battery while in a status of in loco parentis, in violation of R.C. 2907.03. The remaining nineteen charges of Rape were dismissed. On March 30, 1995, Messer was sentenced to an aggregate term of twelve years in prison.[1]
 {¶ 5} In accordance with the requirements of R.C. 2950.03, the trial court conducted a sexual predator hearing on May 30, 2002. Upon consideration of the various statutory factors as required by R.C.2950.09(B)(2), the pre-sentence investigation (PSI), victim impact statements, statements made by Messer, and an in-court statement made by one of the victims, the trial court adjudicated Messer to be a sexual predator.
 {¶ 6} Messer appeals the sexual predator determination, presenting the following single assignment of error for our review.
 Assignment of Error
The evidence is insufficient, as a matter of law, to prove "by clear and convincing evidence" that the appellant "is likely to engage in the future in one or more sexually oriented offenses" especially in light of the court's specific finding at sentencing in 1995 that the defendant was "less likely to reoffend."
 {¶ 7} For his assignment of error, Messer asserts that his classification as a sexual predator is not supported by sufficient evidence. He claims that, viewing the evidence in a light most favorable to the prosecution, no rational trier of fact could have found clear and convincing evidence that he was likely to engage in the future in one or more sexually oriented offenses.
 {¶ 8} R.C. 2950.01(E) defines the term "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Messer pled guilty to twelve counts of Sexual Battery in violation of R.C. 2907.03., which qualify as "sexually oriented offenses" under R.C. 2950.01(D)(1)(a).[2] Therefore, the critical issue in Messer's sexual predator hearing was whether he was "likely to engage in the future in one or more sexually oriented offenses."
 {¶ 9} An offender's propensity to engage in future sexually oriented offenses, for purposes of sexual predator classification, is determined by the application and examination of certain statutory factors.[3] R.C. 2950.09(B)(2)[4] sets forth those factors that a trial court should consider when determining an offender's status as a sexual predator. When considering these factors, there are no rigid rules requiring a certain number of findings to support a sexual predator classification. Instead, courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of the individual circumstances on a case-by-case basis.[5] The statutory scheme of R.C. Chapter 2950 provides the trial court with significant discretion in evaluating factors that may be relevant to its recidivism determination and such determinations are to be afforded considerable deference.[6]
To that end, the court has discretion to determine what weight, if any, he or she will assign to each statutory guideline.[7]
 {¶ 10} "Circumstances within the underlying offense are often especially indicative of the offender's likelihood to reoffend sexually, and the weight of such evidence can, without more, support the designation of sexual predator by clear and convincing evidence."[8]
Furthermore, "prior arrests for other sexually oriented offenses, some but not all of which resulted in convictions, are appropriate for consideration in sexual predator determinations because they are relevant to pertinent aspects of a defendant's criminal and social history and are probative of the propensity of an offender to engage in other sexually oriented offenses in the future."[9] In State v. Collins,[10] we found that:
The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
 {¶ 11} After reviewing all of the testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the trial court "shall determine by clear and convincing evidence whether the offender is a sexual predator."[11] Thus, there must be sufficient evidence, as a matter of law, for the trial court to find by clear and convincing evidence that the defendant is a sexual predator. The standard of clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.[12]
 {¶ 12} Having considered all of the factors included in R.C.2950.09(B)(2), the trial court made the following findings of fact:
That the offense involved multiple victims; that the victims were of an extremely young age; that the Defendant's relationship with the victims facilitated the offense; that the Defendant initially denied any such conduct; that the Court must "predict" the future based on the Defendant's past and this decision is also impacted by the Defendant's lack of treatment in the institution; that the Defendant's abuse and incest background are indicative of a potential for future behavior; that the Defendant's testimony demonstrated credibility problems; that the defendant violated a temporary protection order; that the Defendant denies mental health issues but the record indicates treatment and medications; and further, that the Defendant's perception that his conduct did not amount to force and that a 7 and 8 year old child could be willing to consent. Therefore the court concludes that the Defendant is a Sexual Predator pursuant to R.C. 2950.09(B).
 {¶ 13} As an initial matter, Messer infers that his conviction should be considered a single offense, contending that "under no circumstances does the fact that a person committed one sex offense indicate that that person is likely to be a repeat offender." He presents the following analogies: "The college frat boy who gets drunk with his date, goes back to his room, proceeds to make out with her, and then continues sexually after she says no and commits an offense, is not a predator. A 19-year-old high school senior who has been dating and has intercourse with his girlfriend, a high school sophomore who is three days short of her 16th birthday, should not be classified as a sexual predator." However, the instant case is completely distinguishable from and unrelated to either of the foregoing scenarios. Moreover, while the charges were consolidated into a single conviction, Messer was indicted for thirty-one sexual offenses, including multiple incidents of rape, and pled guilty to twelve sexual offenses.
 {¶ 14} Within his assignment of error, Messer cites to the Ohio Supreme Court's pronouncement in State v. Eppinger,[13] maintaining that he could not be classified a sexual predator in absence of expert testimony.
 {¶ 15} The procedural requirements for sexual offender classification hearings set forth in R.C. 2950.09(B)(1), provide, in pertinent part:
At the hearing, the offender and prosecutor shall have the opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator.
 {¶ 16} In Eppinger, the Ohio Supreme Court noted that whether or not expert testimony is reasonably necessary to determine whether the offender is likely to engage in future sexually oriented offenses is within the trial court's sound discretion.[14] Accordingly, we must determine whether the decision of the trial court in this case was unreasonable, arbitrary or unconscionable.[15]
 {¶ 17} In Eppinger, the defendant was convicted of kidnapping, assault, and two counts of rape in connection with the sexual attack of a nineteen-year-old girl, but had no prior record of sexually oriented offense. Recognizing that "one sexually oriented conviction, without more, may not predict future behavior" and that "only an expert can [predict behavior] absent a history of similar offenses or other indicators[,]" the Ohio Supreme Court found that a psychiatric or psychological expert was reasonably necessary under the circumstances and that the trial court abused its discretion in denying the defendant's request.[16]
 {¶ 18} The Eppinger court did not, however, hold that expert testimony was required for all first time offenders, specifically indicating that they "disagree[d] with the court of appeals that such an appointment was mandatory."[17] The Court provided further clarification of the pronouncement, noting the exceptional situation presented by pedophiles:
In some instances, offenders will have several sexually orientedconvictions, or will clearly fit a variety of the factors listed in R.C.2950.09(B)(2)(a) through (j). An offender who preys on children, forexample, may fit the pedophile profile, a class of sex offenders knownfor their especially high rate of recidivism. There may be sufficientevidence in the transcripts, victim impact statements, presentenceinvestigation reports, prior history of arrests and convictions, age,etc., presented at the sexual offender classification hearing withrespect to the R.C. 2950.09(B)(2) factors as they relate to thelikelihood of reoffending. In those situations, appointment of an expertfor an indigent offender may be unwarranted. * * *[18]
 {¶ 19} Therefore, where sufficient independent information evidencing a history of similar offenses or other indicia of recidivism is available to the court to afford appropriate consideration to the criteria set forth in R.C. 2950.09(B)(2), the use of an expert to determine the likelihood of sexual reoffense is not necessary.[19]
 {¶ 20} We find this case to be factually distinguishable fromEppinger. This was not a single encounter with a nineteen-year-old stranger, but rather, a continuous pattern of conduct occurring over roughly a nine-year period with Messer's eight and seven-year-old stepchildren. Furthermore, as discussed below, Messer fits several other criteria that demonstrate indicia of recidivism. Accordingly, we find that the trial court had sufficient information, particularly considering the age of the victims, nature of sexual activity, and demonstrated pattern of abuse, to determine whether Messer was likely to reoffend sexually.[20]
 {¶ 21} Messer further asserts that the trial court had previously made a specific finding in 1995 at the appellant's sentencing hearing that the appellant "was less likely to reoffend." He argues that this finding prohibits the court from now concluding that he "is likely to engage in the future in one or more sexually oriented offenses," and from declaring him to be a Sexual Predator. We disagree.
 {¶ 22} The 1995 statement made by the trial court, upon which the Messer relies, provides:
Any time sentencing decision comes up, the Court has to balance certain considerations because obviously, the, um, a lot of press regarding rehabilitation of the victim, and, or, of an offender [sic]. And you can, in this case, he has gone to counseling and his conduct is such that he is less likely to reoffend and he would otherwise be [sic].
 {¶ 23} This statement is certainly not equivalent to a finding that Messer "is not likely to engage in the future in one or more sexually oriented offenses." The court was clearly referring to the fact that Messer had been going to counseling at the time, and that by going to counseling there was greater potential for a beneficial affect on his future conduct as opposed to not receiving counseling. Moreover, it is only one factor in determining the likelihood of recidivism. Messer's entire argument characterizing the judge's statement, however, misses the mark. The statement must be placed in the proper context. The court, in 1995, was determining the length of Messer's sentence and not his status as a sex offender. At the time of the Messer's sentencing on March 30, 1995, the factors set forth in R.C. 2950.09(B)(2) had not yet been enacted by the Ohio General Assembly. R.C. 2950.09 did not become effective until January 1, 1997, therefore, the criteria and reasons for the court's earlier statement that Messer was less likely to reoffend was not based upon the same criteria that the court was required to use at the May 30, 2002 sexual offender classification hearing.
 {¶ 24} Having failed to present a convincing argument that the court had precluded itself from classifying Messer as a sexual predator, we turn now to the substance of the trial court's determination.
 {¶ 25} Messer claims that no rational trier of fact could have found clear and convincing evidence that he was likely to engage in the future in one or more sexually oriented offenses. However, the details of the underlying facts of Messer's crimes are particularly illustrative of his pedophilic predilection and propensity to reoffend sexually against children. As outlined in the trial court's findings, there was uncontroverted evidence that there were multiple victims, that the victims were of young age, that Messer's relationship with the victims facilitated the offense, that the pattern of abuse occurred over a period of more than nine years, that he initially denied the conduct, and that he was not treated while incarcerated. At the classification hearing, the court inquired about appellant's statements wherein Messer indicated that the children "were ready or willing." Questioned as to his use of force, Messer responded: "I never forced myself upon those children." The court interpreted this statement to be reflective of Messer's continued perception that his conduct did not amount to force, whether mentally or physically. The court found Messer's thought that a child of that age could be "willing" or could consent to molestation to be aberrant. The court understandably then concluded that Messer continued to present a substantial danger to reoffend.
 {¶ 26} It is evident from the record that the trial court had before it sufficient evidence upon which the court could find by clear and convincing evidence that Messer was likely to commit another sexually oriented offense in the future. Furthermore, we cannot say that the trial court abused its discretion in evaluating the evidence or applying factors it found relevant to its recidivism determination. We, therefore, conclude that the trial court did not err in adjudicating Messer to be a sexual predator.
 {¶ 27} Accordingly, Messers's assignment of error is overruled.
 {¶ 28} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Defiance County Common Pleas Court is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] Counts one through six were imposed consecutively to each other for a total term of imprisonment of twelve years, and counts twelve through thirty-one were imposed concurrently to each other and concurrent to counts one through six.
[2] R.C. 2950.01(D)(1)(a) provides: "Sexually oriented offense" means any of the following:
(1) Any of the following violations or offenses committed by a person eighteen years of age or older:
(a) Regardless of the age of the victim of the offense, a violation of section * * * 2907.03 * * * of the Revised Code[.]"
[3] R.C. 2950.09(B)(2) version Am.Sub.H.B. No. 502, effective March 15, 2001; State v. Cathcart (Dec. 4, 2002), Shelby App. No. 17-02-20.
[4] Am.Sub.H.B. No. 502.
[5] State v. Robertson, 147 Ohio App.3d 94, 98, 2002-Ohio-494, ¶ 20 (citations omitted).
[6] Id. at ¶ 44, citing State v. Cook (1998), 83 Ohio St.3d 404,426.
[7] State v. Thompson (2001), 92 Ohio St.3d 584, 2001-Ohio-1288.
[8] Robertson, at ¶ 25 (citations omitted).
[9] Id. at ¶ 42, citing State v. Anderson (1999),135 Ohio App.3d 759, 764, dismissed and appeal not allowed by (1999),87 Ohio St.3d 1459, and (2000), 88 Ohio St.3d 1434.; State v. Childs
(2001), 142 Ohio App.3d 389, 392, 396, dismissed and appeal not allowed by (2001), 93 Ohio St.3d 1411.
[10] State v. Collins (June 29, 1999), Union App. No. 14-99-05, citing R.C. 2950.09(B)(2)(c) and Kansas v. Hendricks (1997), 521 U.S. 346,117 S.Ct. 2072.
[11] R.C. 2950.09(B)(3).
[12] State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469.
[13] State v. Eppinger (2001), 91 Ohio St.3d 158.
[14] Id., at syllabus.
[15] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[16] Eppinger, 91 Ohio St.3d at 162-163.
[17] Id. at 162.
[18] Id.
[19] Id.; State v. Wayne (Mar. 14, 2002), Hancock App. No. 11-01-08;State v. Estep (Mar. 5, 2002), Paulding App. No. 11- 01-07; State v.Williams (Nov. 14, 2001), Defiance App. No. 4-01-19.
[20] Wayne, supra; Estep, supra; Williams, supra; State v. Covill
(Oct. 22, 2001), Stark App. No. 2001CA0074.