{¶ 98} I concur with the majority opinion in its resolution of Milam's conviction and sentence, but dissent from the majority on assigned errors seven and eight where the majority vacates Milam's sexual predator classification. My review of the record shows that the State presented clear and convincing evidence to support the trial court's decision to classify Milam as a sexual predator.
 {¶ 99} The burden of proof is on the State to show by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense and that the offender is likely to engage in the future in one or more sexually-oriented offenses.[6]
 {¶ 100} In State v. Hills,[7] we explained our standard of review of a sexual predator classification as follows:
"[T]his court's role is to determine whether the weight of the evidence supports the trial court's decision. State v. Cook,
supra, 83 Ohio St.3d at 426; State v. Childs,142 Ohio App.3d 389, 755 N.E.2d 958 (Apr. 19, 2001). Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. Seasons Coal v. Cleveland (1984), 10 Ohio St.3d 77,461 N.E.2d 1273; State v. Cook, supra, 83 Ohio St.3d 404;State v. Steele, supra, 2000 Ohio App. LEXIS 4046. Moreover, this court must be mindful that the weight to be given the evidence and the credibility of the witnesses are matters primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 39 Ohio Op.2d 366, 227 N.E.2d 212, syllabus 1."
 {¶ 101} In making its determination, the trial court relied on several of the factors set forth in R.C. 2950.09(B)(3) including: the age difference between Milam and the victim; the fact Milam was diagnosed with a mental illness consisting of major depression, post-traumatic stress disorder, and a disassociative disorder; there was a pattern of Milam's sexual abuse of the victim; and Milam was in a position of authority as loco parentis when he committed the acts.
 {¶ 102} In addition to the above factors, the court also stressed that the cruelty involved influenced its decision to classify Milam as a sexual predator. The court found Milam's threatening the victim with suicide and his waving "letters [addressed to the victim's friends] * * * in front of the victim's face were particularly disturbing to this trier of fact. The threat of the relationship or acts, rather, being disclosed to part or to some of the victim's associates is of particular significance in this case."[8]
 {¶ 103} Given our limited standard of review, I conclude all of these factors constitute competent, credible evidence supporting Milam's classification as a sexual predator. Moreover, although the majority contends with counseling and medication it is unpredictable whether Milam will sexually offend again, his psychiatric report indicates he was receiving counseling, and for a part of the time was on medication when the offenses occurred.
 {¶ 104} Therefore, because I would affirm Milam's sexual predator classification, I would overrule Milam's seventh and eighth assigned errors. I concur as to the remainder of the opinion.
[6] State v. Eppinger (2001), 91 Ohio St.3d 158.
[7] Cuyahoga App. No. 78546, 2002-Ohio-497.
[8] Tr. at 821.