JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Stanley Renshaw appeals the trial court's decision adjudicating him a sexual predator. Renshaw assigns the following error for our review:
 "I. The evidence is insufficient as a matter of law, to prove `by clear and convincing evidence' that appellant is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow. *Page 3 
 {¶ 3} On August 22, 1988, the Cuyahoga County Grand Jury returned a multi-count indictment against Renshaw for aggravated rape with specifications. On May 23, 1991, Renshaw pleaded not guilty at his arraignment. However, on August 30, 1991, after numerous pre-trials were conducted, Renshaw withdrew his previously entered plea of not guilty and pleaded guilty to attempted rape. On October 30, 1991, the trial court sentenced Renshaw to a prison term of five-to-fifteen years.
 {¶ 4} Renshaw was released from prison in May 2006. On August 22, 2006, the trial court conducted a sexual predator classification hearing. At the hearing, the State presented evidence of the underlying offense. The State indicated that Renshaw sexually abused his stepdaughter over a two-year period. The abuse involved oral and vaginal intercourse. As a result of the abuse, the victim received treatment for gonorrhea of the mouth. The victim was approximately nine years old when Renshaw began sexually abusing her, and the abuse lasted until she was eleven years old. At time of the abuse, Renshaw was approximately 40 years old.
 {¶ 5} The State also indicated that in October 1991, when Renshaw was interviewed for the pre-sentence investigative report, he denied any involvement with the victim, and indicated that he had only pled guilty to receive a lesser sentence. However, in August 2006, when interviewed by the Court Psychiatric Clinic for the Sexual Predator Evaluation, Renshaw admitted that he sexually abused his stepdaughter. *Page 4 
 {¶ 6} In addition, the State discussed Renshaw's criminal history. The State indicated that in 1963, Renshaw was convicted of contributing to the delinquency of a minor, for publicly engaging in sexual intercourse with the minor. At the time of that offense, Renshaw was 18 years old and the minor was 15 years old. In 1963, and 1968, respectively, Renshaw was convicted of aggravated burglary and armed robbery. In 1981, Renshaw was convicted of gross sexual imposition.
 {¶ 7} Further, the State discussed the results of the Static-99 test administered in preparation of the hearing. Renshaw received a score of six, which placed him in the high risk category for recidivism. According to the authors of the Static-99, an individual who receives a score of six, has a 39 percent chance of re-offending within five years, a 45 percent chance within ten years, and a 52 percent chance within15 years.
 {¶ 8} Finally, the State indicated that the Court Psychiatric Clinic diagnosed Renshaw with pedophilia, with having an antisocial disorder, and with having a demonstrated interest in adolescent females.
 {¶ 9} Based on the evidence presented at the hearing, the trial court classified Renshaw a sexual predator.
 Sexual Predator Classification {¶ 10} In his sole assigned error, Renshaw argues the trial court erred by classifying him as a sexual predator because the State failed to present clear and *Page 5 
convincing evidence that he was likely to commit another sexual offense in the future. We disagree.
 {¶ 11} The Ohio Revised Code defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."[1]
 {¶ 12} The burden of proof is on the State to show by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses.[2] "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."[3]
 {¶ 13} In State v. Hills,[4] we explained our standard of review of a sexual predator classification as follows:
 "[T]his court's role is to determine whether the weight of the evidence supports the trial court's decision. State v. Cook, supra, *Page 6 83 Ohio St.3d at 426; State v. Childs, 142 Ohio App.3d 389, 755 N.E.2d 958 (Apr. 19, 2001). Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. Seasons Coal v. Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273; State v. Cook, supra, 83 Ohio St.3d 404; State v. Steele, supra, 2000 Ohio App. LEXIS 4046. Moreover, this court must be mindful that the weight to be given the evidence and the credibility of the witnesses are matters primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 39 Ohio Op.2d 366, 227 N.E.2d 212, syllabus 1."
 {¶ 14} R.C. 2950.09(B)(3) provides the factors a trial court is to consider in making a classification determination. Although many of the factors set forth "involve what may be considered old conviction data which may be found in the court's file," the list is not designed to be exclusive.[5] Rather, the trial court "shall consider all relevant factors."[6]
 {¶ 15} In the instant case, the trial court considered Renshaw's institutional record and a report by the Court Psychiatric Clinic, along with the State's evidence, and concluded several of the R.C.2950.09(B)(3) factors weighed heavily in favor of labeling him a sexual predator. Specifically, the trial court noted Renshaw's two prior convictions for sexual offenses against a minor.
 {¶ 16} The trial court also took into consideration that Renshaw was diagnosed as a pedophile and suffers from an antisocial personality disorder. In addition, the *Page 7 
trial court considered that Renshaw received a score of six on the Static-99 test that placed him in the high risk of re-offending category. According to the test score, his risk of re-offending at five, ten, and 15 years is 39 percent, 45 percent and 52 percent, respectively.
 {¶ 17} Regarding the sexual abuse of his stepdaughter, which was the subject of the sexual predator hearing, the court considered the victim's tender age and that the abuse was not isolated, but lasted approximately two years. The trial court also considered that Renshaw initially denied he sexually abused his stepdaughter, and only admitted he committed the offenses during the sexual predator evaluation. The trial court further found that Renshaw misdirected his anger at the children he sexually abused.
 {¶ 18} Based upon our review of the record, we conclude the trial court's decision to classify Renshaw as a sexual predator is supported by competent, credible evidence. Renshaw contends his age of 62 makes it unlikely he will reoffend. However, Renshaw's criminal history, which involves two prior convictions for sexual offenses against minors, heavily supports the trial court's decision to classify him as a sexual predator. Accordingly, Renshaw's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed. *Page 8 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J., and MARY J. BOYLE, J., CONCUR
[1] R.C. 2950.01(E); State v. Winchester (2001),145 Ohio App.3d 92.
[2] State v. Eppinger (2001), 91 Ohio St.3d 158.
[3] Id., citing Cross v. Ledford (1954), 161 Ohio St. 469, 477.
[4] Cuyahoga App. No. 78546, 2002-Ohio-497.
[5] State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247.
[6] R.C. 2950.09(B)(3). *Page 1