JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Timothy McCormick that found appellant Lawrence J. Taylor to be a sexual predator with registration requirements. Taylor claims that, because he was not incarcerated for a sexual offense at the time of his hearing, he could not have been classified as a sexual predator or ordered to register, and there was insufficient evidence to support a sexual predator determination. We affirm in part and reverse in part.
Taylor, now sixty-one years old, was convicted of five burglary and rape offenses in two separate proceedings during 1972 and 1973. After determining that his female victims were alone, he entered their homes and raped them at gunpoint. Paroled in 1983, he returned to prison after convictions for other burglary offenses and the judge scheduled a sexual predator hearing in 1999. Although the judge found him to be a sexual predator at that time, this court reversed and remanded that judgment because we found the denial of Taylor's request for the appointment of a psychological expert was an abuse of discretion.[1] The court found Taylor's other assignments of error moot, including his contention that the judge lacked jurisdiction to hold a sexual predator hearing because he was not then incarcerated for a sexually oriented offense. The court stated in a footnote, however, that it was "unable to consider appellant's well-argued contention" because the record did not indicate that he was then incarcerated for an offense other than those for which he was convicted in 1973.[2]
On remand, further evidence of Taylor's criminal history was introduced and it was stipulated that, at the time his hearing was scheduled, he was in prison for burglary or aggravated burglary convictions received in 1987 and not for a sexual offense conviction. The State offered the report of the court-appointed psychiatrist who examined Taylor after remand, which stated, inter alia, that he scored in the medium to high risk range on sexual offender assessments, and he had an "antisocial personality disorder."
Taylor moved for dismissal of the proceedings, again arguing that incarceration for a sexually oriented offense was a condition precedent to any sexual predator hearing and added an argument that, for the same reason, even if he could be adjudicated a sexual predator he could not be required to comply with statutory registration requirements. The judge denied both motions, and again determined that Taylor was a sexual predator. The order included a ruling that Taylor be notified of all "applicable registration duties as set forth in R.C. 2950.03" and further stated, "Defendant advised of lifetime registration with the sheriff's department."
We can address the first two of Taylor's three assignments of error together:
 I. THE TRIAL COURT ERRED WHEN IT CONDUCTED A HEARING PURSUANT TO R.C. 2950.09(C) WHERE THE OFFENSE THAT UNDERLIES THE APPELLANT'S CONVICTION WAS NOT "SEXUALLY ORIENTED."
 II. THE TRIAL COURT ERRED WHEN IT ORDERED THAT THE APPELLANT REGISTER WHERE SUCH REGISTRATION IS NOT PROVIDED FOR BY THE OHIO LEGISLATURE IN R.C. 2950.04.
The State contends that res judicata or the law of the case doctrine prohibits Taylor from asserting the second assignment of error, but we disagree. Even if the registration argument is not contained within the broader claim that the judge had no jurisdiction to make a sexual predator determination, the State failed to object when he raised the registration issue at his hearing. The doctrine of res judicata is not jurisdictional, and is waived if not asserted.[3]
The State's "law of the case" argument does not apply here, because that doctrine states only that a judge may not disregard an appellate court's mandate on remand.[4] Issues regarding the "scope of remand," however, are best considered using res judicata principles[5] and, as already discussed, the State waived error on those grounds. Therefore, Taylor's registration argument and the judge's decision on that issue are properly addressed here.
This case raises yet another issue concerning the retroactive application of sexual predator statutes. Appellate courts of this and other districts have determined that R.C. Chapter 2950 allows a judge to hold a sexual predator hearing for any defendant previously convicted of a sexually oriented offense and in prison for any offense as of January 1, 1997.[6] However, the Ohio Supreme Court has determined that adjudication does not necessarily trigger registration requirements,[7]
and appellate courts have determined that, even though an offender can be retroactively classified as a sexual predator when in prison for a non-sexual offense, he cannot be required to register under those circumstances.[8]
Before addressing the parties' arguments, it is helpful to review the relevant statutory provisions. R.C. 2950.01(G) states:
 (G) An offender is "adjudicated as being a sexual predator" if any of the following applies:
* * *
 (3) Prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.
Similarly, R.C. 2950.09(C)(1), concerning offenders who can retroactively be subject to sexual predator hearings, states in relevant part as follows:
 (C)(1) If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * *
R.C. 2950.03 concerns procedures for notifying offenders of registration requirements, and states, in relevant part, as follows:
 (A) Each person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense and who has a duty to register pursuant to section 2950.04 of the Revised Code shall be provided notice in accordance with this section of the offender's duty to register under that section * * *. The following official shall provide the notice to the offender at the following time:
 (1) Regardless of when the offender committed the sexually oriented offense, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement, and if, on or after January 1, 1997, the offender is serving that term or is under that confinement, the official in charge of the jail * * * or other institution in which the offender serves the prison term, * * * or a designee of that official, shall provide the notice * * *.
* * *
 (4) If the offender is an offender of the type described in division (A)(1) of this section and if, subsequent to release, the offender is adjudicated as being a sexual predator pursuant to division (C) of section 2950.09 of the Revised Code, the judge shall provide the notice to the offender at the time of adjudication.
R.C. 2950.04 explains which persons have a duty to register, and provides in relevant part as follows:
 (A) Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense and who is described in division (A)(1), (2), or (3) of this section shall register * * *:
 (1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and if, on or after July 1, 1997, the offender is released in any manner from the prison term, term of imprisonment, or confinement, * * * the offender shall register * * *.
* * *
 (6) If division (A)(1) of this section applies and if, subsequent to the offender's release, the offender is adjudicated to be a sexual predator under division (C) of section 2950.09 of the Revised Code, the offender shall register * * *.
* * *
 (C) The registration form to be used under divisions (A) and (B) of this section shall contain the current residence address of the offender who is registering, the name and address of the offender's employer, * * * and any other information required by the bureau of criminal identification and investigation and shall include the offender's photograph. Additionally, if the offender has been adjudicated as being a sexual predator relative to the sexually oriented offense in question * * * or if the sentencing judge determined pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a habitual sex offender, the offender shall include on the signed, written registration form all of the following information:
 (1) A specific declaration that the person has been adjudicated as being a sexual predator or has been determined to be a habitual sex offender, whichever is applicable;
 (2) If the offender has been adjudicated as being a sexual predator, the identification license plate number of each motor vehicle the offender owns and of each motor vehicle registered in the offender's name.
In addition to the greater information required of a sexual predator under R.C. 2950.04, he is also required to verify his residence address more often,[9] and the duty to register continues for life instead of some lesser period.[10]
Decisions finding that an offender can be adjudicated a sexual predator even if imprisoned for a non-sexual offense have focused on the language of R.C. 2950.01(G)(3) and 2950.09(C)(1), which require only that the offender be imprisoned at the relevant time,[11] while those finding that such an offender cannot be required to register have focused on the language of R.C. 2950.03 and 2950.04, which, by reference to "that term" and "the term," require that the offender be imprisoned for a sexually oriented offense at the relevant time.[12] The parties to this appeal each argue that one provision should be respected for its plain language, and the remaining provisions should be construed within the totality of the scheme to achieve consistent results. Although we find that Taylor cannot be required to register, we uphold the sexual predator determination even though he also makes a strong argument that R.C. Chapter 2950 should be construed, in its entirety, to prohibit sexual predator hearings for those who are not in prison for sexually oriented offenses. All prior decisions reaching the issue have decided that the determination can be made, and this court has already reported an opinion holding that a sexual predator hearing can go forward in these circumstances.[13] Therefore, we hold only that Taylor cannot be required to register as a result of this adjudication.
This court has not yet addressed whether an offender who was not in prison for a sexually oriented offense at the time of his sexual predator hearing can be required to register. In finding that the hearing can go forward in such circumstances, this court has focused on the plain language of R.C. 2950.09(C)(1), without reference to other provisions of R.C. Chapter 2950. The State argues that we should continue this trend and find that R.C. 2950.09(C)(1) controls all remaining provisions of the chapter because it would be absurd to find that registration of such offenders is not required, and urges that the language of R.C. 2950.03
and 2950.04 must be disregarded or reformed in order to reach consistent results. In aid of this, the State contends that the registration duties of R.C. 2950.04 are not exclusive, and that a judge can order an adjudicated sexual predator to register even though the statute does not require it.
In construing this statute, we do not automatically assume that the legislature intended it to have the broadest possible scope. To the contrary, sexual predator proceedings are considered similar to miscellaneous criminal proceedings, such as sentencing or probation hearings,[14] and we should therefore construe the statute strictly against the State, and liberally in favor of the defendant.[15] This criminal standard should apply to these proceedings, which arise from criminal actions,[16] especially since the Ohio Supreme Court has recognized that sexual predator proceedings have grave consequences, and that defendants' rights should not be discounted.[17] Moreover, wherever government resources are expended in order to deprive individuals of important rights, governing statutes should be construed strictly to avoid abuse of that power.[18]
Even if one applies the more general standard requiring us to construe the statute to reach a just and reasonable result,[19] the State's interpretation would require this court to do far more damage to R.C. Chapter 2950 than Taylor's. Taylor correctly points out that, not only does the language of R.C. 2950.03 and 2950.04 require that an offender be serving a sentence for a sexually oriented offense on the statute's effective date, R.C. 2950.09(C) contains a number of provisions concerning habitual sex offender determinations that presuppose that an offender has been brought before the court on an extant sexual offense. R.C. 2950.09(C)(2) refers, in six different places,[20] to the judge's duty to "determine whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense other than the offensein relation to which the hearing is being conducted." (Emphasis added.)[21]
In addition to these provisions, R.C. 2950.09(D), which concerns a sexual predator's ability to petition for removal of the classification, provides, in relevant part, as follows:
 (D)(1) Upon the expiration of the applicable period of time specified in Division (D)(1)(a) or (b) of this section, an offender who has been convicted of or pleaded guilty to a sexually oriented offense and has been adjudicated as being a sexual predator relative to the sexually oriented offense * * * may petition the judge who made the determination * * * to enter a determination that the offender no longer is a sexual predator. * * * An offender determined to be a sexual predator * * * may file a petition under this division after the expiration of the following periods of time:
 (a) Regardless of when the sexually oriented offense was committed, if, on or after January 1, 1997, the offender is imprisoned or sentenced to a prison term or other confinement for the sexually oriented offense in relation to which the determination was made, the offender initially may file the petition not earlier than one year prior to the offender's release * * *.
Although the State urges that we can construe inconsistent statutory provisions to avoid absurd results,[22] the construction it proposes leads to results more outrageous than those it seeks to avoid. If we construed R.C. Chapter 2950 in its entirety, it would be far more reasonable and less damaging to interpret R.C. 2950.01(G)(3) and 2950.09(C)(1) to require the offender be in prison for the sexual offense, on the grounds that the language in each of those divisions referring to imprisonment must implicitly relate to the sexually oriented offense referred to within the same sentence of that division. As already noted, however, prior decisions have focused on the plain language of particular divisions rather than construing the statute in its entirety, resulting in the current approach, which finds that certain offenders can be determined to be sexual predators although not required to register.[23]
Using this approach, we will employ the plain meaning of statutory divisions unless and until it becomes apparent that the inconsistencies directly and irreconcilably conflict. For example, it remains to be seen whether an offender in prison for a non-sexual offense can be adjudicated a habitual sex offender on the basis of a single sex offense in addition to the non-sexual offense, despite the definition of habitual sex offender in R.C. 2950.01(B). We find, however, that although the provisions at issue here lead to curious results, they do not create an impasse.
While the State contends that the judge can order Taylor to register despite the provisions of R.C. 2950.04, we disagree. A judge has no authority, beyond that statutorily provided, to order a defendant to register as a sexual offender or sexual predator. Despite the State's argument that the judge's sexual predator determination necessarily carries with it the power to order registration, we see no authority for such a finding, and the statute indicates otherwise. The statute first identifies those subject to registration requirements, and R.C. 2950.04(C) and 2950.06(B) then establish heightened requirements for those adjudicated sexual predators. The additional requirements, however, cannot be applied unless the offender is first required to register under R.C. 2950.04.
Moreover, the Ohio Supreme Court ruled in Bellman that a defendant could not be required to register even though he was properly adjudicated a sexual predator.[24] The State suggests that Bellman should be distinguished because the defendant in this case escaped the provisions of R.C. 2950.04 for a different reason, but such a distinction is unavailing. The reason that an offender is not identified in R.C. 2950.04
is irrelevant; the important point in Bellman is that an offender who is not so identified cannot be required to register.
While we overrule the first assignment of error based on prior decisions, we sustain the second assignment of error. Therefore, that part of the judge's order indicating that Taylor has a duty to register is reversed. Taylor's third assignment states:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Because a defendant can be adjudicated a sexual predator even though he cannot be required to register, we will address this assignment of error instead of declaring it moot, even though it is unclear whether the adjudication has further adverse consequences. Before doing so, however, we must address our standard of review and note an erroneous holding in this court's reported opinion in State v. Childs, supra. The Childs court purported to address a sufficiency challenge using a manifest weight standard of review.[25] We need not follow Childs on this issue, however, because the Ohio Supreme Court has stated that sufficiency and manifest weight challenges are assessed under different standards, and we are guided by that precedent.[26]
The concurring author's argument on this point, should it prevail, would be nothing less than a revolutionary development in the law. Although a sexual predator finding requires (1) conviction for a sexual offense and (2) the likelihood of committing future sexual offenses, the concurrence would find the evidence sufficient to support the finding upon satisfaction of the first element. The second element, he claims, has no sufficiency threshold because it depends upon the weighing of several statutory factors.
This view has far-reaching and startling consequences, as, according to the concurrence, there can be no judgment as a matter of law whenever an element of a cause of action requires the assessment of factors. Judgment as a matter of law, and thus summary judgment and directed verdict, would be eliminated in a number of cases, such as material breach of contract;[27] (2) defective product design;[28] (3) fraudulent transactions,[29] and (4) the existence of malice to support punitive damages.[30] These few examples are but the tip of an iceberg created from the logical ends of the concurring opinion, yet should be sufficient to show the weakness of that view.
A sufficiency claim raises a narrow question of law that we review denovo.[31] We review the record to determine in a criminal proceeding "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Emphasissic.)[32] In this case, of course, considered a civil hearing, the sufficiency challenge is measured against the State's "clear and convincing" burden of proof. The Ohio Supreme Court has set forth the following standard:
 A court may properly grant a motion for a directed verdict where, after construing the evidence most strongly in favor of the party against whom the motion is directed, it finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party. Civ.R. 50(A)(4). If, however, there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied.[33]
 Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.[34]
As the question of sufficiency of the evidence presents a question of law, it does not allow the reviewing court to weigh the evidence.[35]
The reviewing court determines whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof.[36]
In this case, the judge had evidence that Taylor had committed multiple violent sexual offenses against multiple victims, and had committed other serious, albeit non-sexual, offenses since. Although the sexual offenses were committed nearly thirty years prior to the hearing by a defendant who is now over sixty years old, a current psychiatric evaluation diagnosed Taylor with an antisocial personality disorder, indicated that he continued to exhibit a lack of remorse for his crimes, and that his scores on sexual recidivism assessments showed his continued sexual desire and a "medium to high" risk of re-offending. Despite his advanced age and the remoteness of his sexual offenses, there was evidence that Taylor presented a current risk of re-offending, and we cannot say that the evidence was insufficient to sustain a sexual predator determination. The third assignment of error is overruled.
Judgment affirmed in part and reversed in part.
It is ordered that the parties bear their own costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCUR; KENNETH A. ROCCO, P.J., CONCURSSEPARATELY.
[1] State v. Taylor (Dec. 7, 2000), Cuyahoga App. No. 76527, unreported.
[2] Id.
[3] Jim's Steak House, Inc. v. Cleveland (1998), 81 Ohio St.3d 18, 20,688 N.E.2d 506, 508; State v. Neiswonger (Nov. 1, 2001), Cuyahoga App. No. 78680, unreported.
[4] State ex rel. Sharif v. McDonnell (2001), 91 Ohio St.3d 46,47-48, 741 N.E.2d 127, 129.
[5] State v. Gillard (1997), 78 Ohio St.3d 548, 549, 679 N.E.2d 276,279.
[6] State v. Childs (2001), 142 Ohio App.3d 389, 393-394, 755 N.E.2d 958,961; State v. Riley (2001), 142 Ohio App.3d 580, 584, 756 N.E.2d 676.
[7] State v. Bellman (1999), 86 Ohio St.3d 208, 211-212, 714 N.E.2d 381,383-384.
[8] Riley, 142 Ohio App.3d at 585-586; State v. Benson (Aug. 28, 2000), Butler App. No. CA99-11-194, unreported; State v. Staples (Sept. 28, 2001), Lake App. No. 98-L-238, unreported.
[9] R.C. 2950.06(B)(1).
[10] R.C. 2950.07(B)(1), (2), and (3).
[11] Childs; Riley.
[12] Bellman; Riley.
[13] Childs, supra.
[14] State v. Cook (1998), 83 Ohio St.3d 404, 425, 700 N.E.2d 570,587.
[15] R.C. 2901.04.
[16] State v. Lilliock (1982), 70 Ohio St.2d 23, 25-26, 24 O.O.3d 64,434 N.E.2d 723, 725; State v. Golston (1990), 66 Ohio App.3d 423,428-429, 584 N.E.2d 1336, 1339-1340.
[17] State v. Gowdy (2000), 88 Ohio St.3d 387, 398, 727 N.E.2d 579,589.
[18] See Gulf Oil Corp. v. Kosydar (1975), 44 Ohio St.2d 208, 73 O.O.2d 507, 339 N.E.2d 820, paragraph one of the syllabus (tax statute).
[19] R.C. 1.47; Gulf Oil, paragraph two of the syllabus.
[20] R.C. 2950.09(C)(2)(a), (C)(2)(b), (C)(2)(b)(i), (ii), (iii), and (iv).
[21] R.C. 2950.09(C)(2)(b).
[22] Gulf Oil, 44 Ohio St.2d at 217, 339 N.E.2d at 825.
[23] Benson; Riley.
[24] Bellman, 86 Ohio St.3d at 212, 714 N.E.2d at 384.
[25] Childs, 142 Ohio App.3d at 395, 755 N.E.2d at 962.
[26] State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387,678 N.E.2d 541, 546-547.
[27] 2 Restatement of the Law 2d, Contracts (1981) 237, Section 241.
[28] Cremeans v. Internatl. Harvester Co. (1983), 6 Ohio St.3d 232,234-235, 6 OBR 302, 452 N.E.2d 1281, 1284 (risk-benefit test).
[29] R.C. 1336.04(B) (concerning proof of intent).
[30] Brookridge Party Ctr., Inc. v. Fisher Foods, Inc. (1983),12 Ohio App.3d 130, 132, 12 OBR 451, 468 N.E.2d 63, 67.
[31] Thompkins, supra.
[32] State v. Stallings (2000), 89 Ohio St.3d 280, 289, 731 N.E.2d 159,171 (quoting Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573).
[33] Crawford v. Halkovics (1982), 1 Ohio St.3d 184, 185-186, 1 OBR 213, 438 N.E.2d 890, 892.
[34] Cross v. Ledford (1954), 161 Ohio St. 469, 53 O.O 361,120 N.E.2d 118, paragraph three of the syllabus.
[35] State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215,485 N.E.2d 717, 720.
[36] Cross v. Ledford, 161 Ohio St. at 477, 120 N.E.2d at 123.